OPINION
Appellant Charles Harvey appeals the decision of the Stark County Court of Common Pleas that found him to be a sexual predator. The following facts give rise to this appeal.
In 1995, the Stark County Grand Jury indicted appellant charging him with one count each of rape, felonious sexual penetration, sexual battery and gross sexual imposition. The charges were the result of appellant's repeated sexual abuse of his stepdaughter, Lori Rambo, over a three-year period. Rambo was between the ages of eleven and fourteen during this time period. As a result of this sexual abuse, appellant eventually impregnated his stepdaughter, producing a child from the relationship.
Appellant entered a plea of not guilty to the charges contained in the indictment and this matter proceeded to trial. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to an aggregate indeterminate term of imprisonment of twelve to twenty-five years.
Appellant subsequently appealed his conviction. On appeal, we reversed appellant's conviction as it pertained to the charge of felonious sexual penetration on the basis that the evidence was insufficient.[1]
However, the reversal on the charge of felonious sexual penetration did not result in any change in appellant's sentence since the sentence for felonious sexual penetration was imposed concurrently with the remaining sentences.In 2001, the warden of the prison where appellant is incarcerated recommended that he be classified a sexual predator. The trial court conducted a classification hearing on September 20, 2001. At this hearing, the investigating officer, appellant's wife and appellant testified. Following the hearing, the trial court classified appellant a "sexual predator." Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT SAID FINDING.
 I
In his sole assignment of error, appellant contends the trial court's determination that he is a sexual predator is not supported by clear and convincing evidence. We disagree.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses * * *." In determining whether an offender is a sexual predator, the judge shall consider all relevant factors, including but not limited to the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct. See R.C. 2950.09(B)(2).
The standard of proof in determining whether an offender is a sexual predator is the clear and convincing evidence standard. See R.C.2950.09(B)(3). Clear and convincing evidence is the measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the allegation sought to be established. Cross v.Ledford (1954), 161 Ohio St. 469, 477. A judgment supported by some competent, credible evidence will not be reversed by the reviewing court as against the manifest weight of the evidence. C.E. Morris v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, syllabus.
At the classification hearing, Detective Armstrong testified about the taped statement appellant made during the course of the investigation. Appellant admitted that he fathered his stepdaughter's child and that he had sexual intercourse with her two or three times over a one-year period. Appellant told Detective Armstrong that he was intoxicated whenever he molested his stepdaughter and denied using any force during the sexual abuse. Further, appellant informed Detective Armstrong that he believed his stepdaughter wanted to have sex with him. Tr. Classification Hrng., Sept. 20, 2001, 9-10.
Appellant's wife and the victim's mother, Debra Harvey, also testified at the classification hearing. Mrs. Harvey stated that appellant was using drugs and alcohol on a daily basis during the period of abuse. Appellant admitted to her, when confronted, that he had sexual intercourse with his stepdaughter. Id. at 16-17.
Finally, appellant testified on his own behalf. Appellant stated that he abused drugs and alcohol on a daily basis during the time period he sexually abused his stepdaughter. He blamed himself for the abuse and admitted that drugs and alcohol contributed to his poor judgment in molesting his stepdaughter.
On cross-examination, appellant denied that he sexually abused his stepdaughter in the manner and frequency that she testified to at trial. Appellant also denied that he began sexually molesting his stepdaughter when she was eleven years old. Appellant further maintained that he only had sexual intercourse with her one or two times. Appellant also denied having sex with his stepdaughter after she became pregnant. Appellant testified that he believed the prosecutor altered the time frames in order to secure a more severe prison sentence. Id. at 35, 40, 41-45. Finally, appellant conceded that he had not completed any prison program for his drug and alcohol problem. Id. at 47-48.
On appeal, appellant maintains his past conduct of sexual abuse has little probative value in determining his future conduct. We disagree with this argument and instead find that a trial court's reliance upon a defendant's past criminal conduct to predict the likelihood of engaging in future sexual crimes is not prohibited. We have previously stated, "The past behavior of a defendant is often the best indicator of future sexual or violent tendencies, and therefore, can be used by the court to gauge the offender's future propensity to commit sexual offenses." Statev. McCoy (Mar. 8, 1999), Stark App. No. 1998CA00183, unreported, at 2.
We also note that psychological evaluations classify appellant as a "child molester, regressive type." Although the evaluation performed by Melymbrosia in 2001 indicates appellant is "in the low risk for re-offending category," the evaluation also noted other factors that point to an increased risk:
 * * * a history of difficulties with sexual self-regulation; a history of having exposed himself to high risk situations by engaging in illegal occupations; a poor employment record; a history of drug abuse; a victim under the age of 13; a history of an acknowledged attitude tolerant of that sexual activity; a history of violent behavior; and failure to participate in and successfully complete a sex offender treatment program.
The Melymbrosia assessment further noted that, "Although he [appellant] is admitting to the offense, he is minimizing the duration, frequency, and deleterious effects of the sexual abuse. He does however assume responsibility for the offense." The Summary and Recommendations section provides as follow:
 Harvey is a 42-year-old Caucasian male of average intelligence who is considered to be a regressed child molester. He involves himself with children in a maladaptive attempt to deal with life stresses. Because he is admitting to the crime and is considered to be at low risk for re-offending, it is recommended that he receive sex offender educational programming. Furthermore, upon entering pre-release, he should develop a relapse prevention plan to help him curtail his sexual offending behaviors. In addition, because of the severity of his alcohol abuse, he should receive substance abuse treatment and participate in support groups such as AA or NA.
In relying upon the above evidence presented at the classification hearing and considering the factors contained in R.C. 2950.09(B)(2), the trial court concluded as follows:
 (1) Appellant was between the ages of thirty-eight and forty-one when he sexually abused his stepdaughter.
 (2) Appellant had a prior conviction for possession of marihuana in 1975 and admitted that he has a drug and alcohol problem. He started using drugs and alcohol at the age of nineteen. He used marihuana twice, daily until 1995; cocaine once a month for three years; speed and other various drugs including alcohol.
 (3) At the time of the sexual abuse, appellant's stepdaughter was between the ages of eleven and fourteen.
 (4) Appellant engaged in a pattern of abuse which began with fondling and resulted in sexual intercourse. Appellant blames this conduct on his addiction to drugs and alcohol which has not been addressed during his incarceration.
 (5) Appellant has given conflicting explanations for his conduct. Appellant admitted to the improper sexual conduct and sexual activity with his stepdaughter, but at the classification hearing the trial court noted that appellant reverted back to testifying as he did at trial by stating that he had very limited contact with her. The trial court concluded that depending upon the setting, appellant has different responses regarding his conduct with his stepdaughter and therefore, has not acknowledged that what he did was inappropriate. The trial court further concluded appellant is impulsive and unable to delay gratification. Tr. Classification Hrng., Sept. 20, 2001, at 81-91.
Based upon evidence contained in the record, the trial court's conclusion finding appellant to be a sexual predator is supported by clear and convincing evidence.
Appellant's sole assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
By: WISE, J., FARMER, P.J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.
[1] State v. Harvey (Mar. 10, 1997), Stark App. No. 1996CA00038, unreported.